JOHN A. BLAKE, as Trustee in Bankruptcy of R. WEIDEN & SONS, INC., Respondent, *v.* FRANK WEIDEN, Appellant, By Original Summons and Between the Said

FRANK WEIDEN, Appellant, *v.* JOHN A. BLAKE, as Trustee in Bankruptcy of R. WEIDEN & SONS, INC., Respondent, and HERMAN J. WEIDEN and HERMAN J. WEIDEN and Another, as Executors, etc., of CHARLES R. WEIDEN, Deceased, Defendants, By Counterclaim.

First Department, May 22, 1942.

*Leonard Michael Lake* of counsel [*Harold A. Gates* with him on the brief; *Gates & Levitt*, attorneys], for the appellant.

*John F. X. Finn* of counsel [*C. J. Pernicone* with him on the brief; *Lorenz & Lorenz*, attorneys], for the respondent.

TOWNLEY, J. This action was brought by a trustee in bankruptcy against Frank Weiden for an alleged overdraft on his salary account as an officer of the bankrupt. The defendant admitted receiving the moneys but denied that the moneys had been paid to him as an overdraft. The first five counterclaims demand judgment on five separate notes. These notes were given by the corporation to the defendant Weiden's father, one Robert Weiden,

now deceased, in payment for certain real property conveyed by him to the bankrupt.

Under the will of the said deceased Robert Weiden, the notes became the property of Frank Weiden and his brothers, Herman J. and Charles Weiden, as tenants in common. It is alleged that Herman J. Weiden and the executors of his brother Charles' estate filed proofs of claim in the bankruptcy proceeding to the extent of their respective interests in the promissory notes. The final allegation as to each of the five counterclaims is that no part of said notes has been paid, that they are due and owing at six per cent interest from their respective dates of maturity and that Frank Weiden is entitled to one-third of the amount.

No reply was ever made to these counterclaims. A motion was made, however, to strike them out as insufficient in law. The denial of that motion at Special Term was affirmed by the Appellate Division. (*Blake* v. *Weiden*, 262 App. Div. 831.) They have, therefore, been held to be legally sufficient.

At the trial the general ledger of the corporation was marked in evidence after being identified by the accountant for the company. This general ledger shows that it was the practice of the company to carry all advances to the officers in an open account and likewise to carry these notes payable in an open account. The record shows (1) that the moneys were advanced as claimed by the plaintiff, and (2) that there is an undisputed unpaid one-third interest in these outstanding notes due and owing to the appellant Frank Weiden by the bankrupt. The counterclaims were fully established by the documentary evidence and the state of the pleadings at the time of the trial.

The court dismissed the counterclaims on the theory that in the affidavit made by defendant Frank Weiden in opposition to the motion to dismiss the counterclaims, he had taken the position that the notes were paid and that he was estopped from taking any other position at the trial of the action. Such interpretation of Frank Weiden's affidavit, it seems to us, is unwarranted. There was no dispute either as to the existence of the notes or as to the amount drawn by Weiden. The dispute in the affidavit arises from Weiden's claim that it was never intended that there should be an open account against him for overdrafts but that these overdrafts should have been credited as part payments on his share in the notes.

Weiden expressed his position very clearly in the affidavit. He said in effect " either the notes have been paid off or I am entitled to a set-off." Mutual liabilities concededly existed. Whether the corporate indebtedness was discharged by credits of the over-

drafts or whether both debit and credit accounts were kept open is immaterial. In any event, the accounts mutually canceled each other. We find no inconsistency in Weiden's position and he is entitled to his setoff.

The judgment should be modified by denying the motion to dismiss the counterclaims and directing that judgment be entered in favor of the defendant upon the counterclaims to the extent necessary to offset the amount of the directed verdict, and as so modified affirmed, with costs to the appellant.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously modified by denying the motion to dismiss the counterclaims and directing that judgment be entered in favor of the defendant upon the counterclaims to the extent necessary to offset the amount of the directed verdict and as so modified affirmed, with costs to the appellant. Settle order on notice.